UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADAM REYNOLDS,

        Petitioner,                              Case Number 19-10411
                                                       Honorable David M. Lawson

v.

JOSEPH BARRETT,

        Respondent.
_____/

## OPINION AND ORDER DENYING AMENDED PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Adam Reynolds was sentenced to six to ten years in prison following his guilty plea in the Antrim County, Michigan circuit court to assault with intent to commit sexual penetration. Following a stay of the case to allow Reynolds to exhaust state court remedies, Reynolds filed an amended petition for a writ of habeas corpus under 28 U.S.C. § 2254. He raises several claims challenging his sentence and questions the effectiveness of his trial and appellate attorneys. Because some of those claims are not the type that a federal court can review, and others were rejected properly by the state courts, the amended petition will be denied.

I.

Reynolds was initially charged as a third habitual felony offender with first-degree criminal sexual conduct, delivering marijuana, and furnishing drugs and alcohol to minors. The charges stemmed from allegations that Reynolds, age 37, provided drugs and alcohol to a fourteen-year-old girl and then sexually assaulted her at a motel in Bellaire, Michigan.

At the preliminary examination, the complainant testified that at the time of the incident she was fourteen years old and was staying with her teenage girlfriend in Suttons Bay. The

complainant had run away from her mother's home, and during the week of the incident she was staying at her friend's house. Reynolds and a woman named Miranda arrived in a car at the friend's house to drive the two girls to a party at a motel in Bellaire. The complainant did not know either of them at the time. When the two girls arrived at the motel, they were led to a guest room where Reynolds provided the complainant with marijuana, pills, and alcohol, which she ingested. Reynolds told her the pills would make her "hyper," but they did not.

Instead, the complainant testified, after she snorted the contents of the pills, she had a hard time thinking, and she had trouble controlling her bodily movements. Reynolds led the complainant by the arm into a storage room at the motel. There was a bed inside the room. Reynolds placed the complainant on the bed, took off her pants, and he penetrated her vagina with his penis.

A detective testified at the preliminary examination that he took the complainant's statement regarding the assault on May 7, 2015. Reynolds was bound over for trial.

The case proceeded to the state circuit court, where Reynolds reached a plea agreement with the prosecution. The prosecutor placed the agreement on the record:

> Your Honor, the defendant was charged in a four-count information. Count I was criminal sexual conduct in the first degree, committed during the course of a felony. Carries a maximum term of life or any term of years.
>
> Count II was the delivery or manufacture of marijuana, a four-year felony. Count III and Count IV were misdemeanor counts for furnishing alcohol to minors – 60-day misdemeanors. Mr. Reynolds was also charged as being a habitual offender, third offense.
>
> The arrangement that has been reached is, Mr. Reynolds would enter a plea to an added count of assault with intent to commit sexual penetration, a 10-year felony. He would acknowledge the completed act. He would acknowledge that there was penetration. And at the time of sentencing, the balance would be dismissed.

Guilty Plea Hr'g, (Jan. 12, 2017), ECF No. 23-3, PageID.298.

Defense counsel acknowledged this was a correct recitation of the terms. Reynolds then personally confirmed that the terms had been correctly stated on the record. *Id.* at PageID.299.

Reynolds acknowledged that he had met with his attorney and was satisfied with his advice. He said that he understood that he was pleading guilty to assault with intent to commit sexual penetration, which carried a maximum sentence of ten years in prison. He reaffirmed that the agreement described on the record was accurate. The court then informed Reynolds of his trial rights, which he waived.

Reynolds denied the existence of any other "offers or inducements" made to him in exchange for his plea. He testified under oath to a factual basis for the plea, admitting that in April 2015 he engaged in sexual penetration with a minor female. Reynolds confirmed that he wished to plead guilty to assault with intent to commit sexual penetration. The court found that Reynolds's plea was made understandingly and was accurate and voluntary.

At the sentencing hearing, defense counsel acknowledged that he had reviewed the presentence report with Reynolds, and that they had challenges to make with respect to the sentencing guidelines scoring. Defense counsel challenged the scoring of offense variable points relating to psychological injury to the victim. That challenge was denied, as was a second challenge to the scoring of points for exploitation of a vulnerable victim.

The court then addressed additional guideline scoring issues, contemplating assessment of additional points beyond those scored by the probation department for sexual penetration and for transporting the victim to a location of greater danger. Defense counsel's objections to the additional points were overruled. The court's final guidelines scoring resulted in a recommended minimum sentence between 29 and 57 months. Defense counsel asked for a sentence within the guidelines range.

> When imposing the sentence, the court stated:
>
> So the guidelines call for a sentence 29 to 57 months. I think this is quite serious. Inducing a 14-year-old girl, who is out on her own, to come to a party and ply her with drugs and alcohol and have sex with her, while she's nearly unconscious, I think that's extremely serious. And I'm going to sentence the defendant to the Department of Corrections for no less than six years, no more than ten years. Credit for 137 days' time served.
>
> That is, in fact, a modest departure from the guideline range. I'm departing because the guidelines do not consider that he was plying a 14-year-old girl with drugs and alcohol. Now, her age is sort of considered in one of the guidelines, but the plying her with drugs and alcohol to the point of near serious intoxication is not adequately considered in that offense variable . . . .

Sentencing Hr'g Tr. (Feb. 21, 2017), ECF No. 23-5, PageID.337-38.

On direct appeal by way of an application for leave to appeal, Reynolds argued in the Michigan Court of Appeals that the sentencing guidelines were scored correctly by the probation department, the upward departure was not supported by substantial and compelling reasons, the trial court failed to apply the "principles of proportionality" test, and his constitutional rights were violated when the trial judge considered facts to which he had not admitted or were proved beyond a reasonable doubt. The Michigan Court of Appeals denied the application for leave to appeal "for lack of merit in the grounds presented," and the state supreme court likewise denied leave to appeal.

Reynolds then filed his petition for habeas corpus in this Court and simultaneously moved to stay the case so he could return to state court to file a post-conviction motion. The Court allowed the stay, and Reynolds filed a motion for relief from judgment in the trial court, raising additional claims. The trial court denied the motion for relief from judgment in a brief order, and the state appellate courts denied relief in form orders.

Reynolds returned to this Court with an amended petition for a writ of habeas corpus asserting the five issues summarized below:

1. The petitioner is entitled to resentencing where the guidelines scored by the probation department called for a minimum sentence of five to 23 months, but the trial court departed upward and sentenced him to 72 to 120 months without a substantial and compelling reason and did not apply the "principles of proportionality" test.

2. The trial court violated the petitioner's rights under the Sixth and Fourteenth Amendments when it relied on facts neither admitted by the petitioner nor proven beyond a reasonable doubt to enhance his sentence beyond the statutory maximum contained in Michigan Compiled Laws sections 796.34(7) and 769.31(b).

3. The trial court improperly scored certain offense variables where there was no evidence in the record to support its rulings.

4. Trial counsel was ineffective by failing to challenge properly the guideline scoring, and appellate counsel was ineffective by failing to raise ineffective assistance of counsel as an issue on appeal.

5. The prosecutor breached the plea bargain when he agreed to dismiss certain charges in exchange for a guilty plea on another charge, but the trial judge then relied on that charged conduct at sentencing.

Am. Pet. at 37, 44, 48, 50, 52, ECF No. 20, PageID.107, 114, 118, 120, 122.

II.

In 28 U.S.C. § 2254, Congress authorized federal courts to issue writs of habeas corpus and compel the release of a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A corollary of that authorization is that "[a] federal court may not issue the writ on the basis of a perceived error of state law." *Pulley v. Harris,* 465 U.S. 37, 41 (1984).

A federal court's authority was "circumscribed" further by certain provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, even when considering claims arising under the

Constitution or United States law, including claims of ineffective assistance of counsel. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003). A federal court may grant relief only if the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or if the adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

"Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the *dicta*, of [the Supreme] Court's decisions." *White v. Woodall*, 572 U.S. 415, 419 (2014) (quotation marks and citations omitted). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). The distinction between mere error and an objectively unreasonable application of Supreme Court precedent creates a substantially higher threshold for obtaining relief than *de novo* review. Mere error by the state court will not justify issuance of the writ; rather, the state court's application of federal law "must have been objectively unreasonable." *Wiggins*, 539 U.S. at 520-21 (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000) (quotation marks omitted)). The AEDPA imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be "given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010).

A.

Reynolds's first and third claims raise challenges to his sentence under state law. In his first claim, Reynolds asserts that that trial court imposed a sentence exceeding the advisory sentencing guidelines range without adequate reasons. His third claim is that the trial court improperly scored four of the offense variables used to determine the guidelines score. These claims cannot provide a basis for relief from this Court because they arise only under state law.

Reynolds contends that the sentencing court erred by departing from the advisory guidelines range without considering the reasonableness of doing so or the proportionality of the sentence. Reynolds also challenges the sentencing court's scoring of four offense variables under the advisory guidelines. He says that the court should not have scored points for psychological injury to the complainant. The scoring was based on information from the complainant's mother that the complainant required counseling and medication after the assault. The court likewise assessed points for exploitation of a vulnerable victim, because Reynolds was 36 years old at the time of the assault and the complainant was a young teen. The court also assessed points for sexual penetration and for transporting the complainant to a more vulnerable location. The court commented that Reynolds admitted during the guilty plea hearing that he engaged in an act of sexual penetration with the complainant, and the record indicated that he moved the complainant from a motel room where her friend and another woman were located to an unoccupied room.

Whatever the merits to these challenges, Reynolds cannot obtain relief for them from this Court. A claim that the state trial court incorrectly scored, calculated, or applied the state legislative sentencing guidelines is not an allowable claim for federal habeas review because it is based solely on state law. *See McPhail v. Renico,* 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006). A federal habeas court cannot second-guess a state court's determination of such a state law issue. *See Lewis v. Jeffers,* 497 U.S. 764, 780 (1990); *see also Bradshaw v.*

*Richey,* 546 U.S. 74, 76 (2005) (holding that state courts are the final arbiters of state law); *Sanford v. Yukins,* 288 F.3d 855, 860 (6th Cir. 2002).

B.

Reynold's second claim does arise under federal law. He says that his rights under the Sixth and Fourteenth Amendments of the federal Constitution were violated when the trial court relied on facts not admitted by Reynolds or proven beyond a reasonable doubt as a basis for imposing a sentence that exceeded the advisory guideline range. The sentencing court decided to exceed the advisory range because the quantity of drugs and alcohol given to the complainant was dangerous conduct not contemplated adequately by the guidelines. Reynolds asserts that there was no determination made beyond a reasonable doubt or an admission by him as to the facts relied upon by the sentencing court to enhance his sentence.

The theoretical bases for this claim can be found in the United States Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013). In *Apprendi*, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. In *Alleyne*, the Supreme Court extended *Apprendi* to apply to mandatory minimum sentences, ruling that any fact that increases a mandatory minimum sentence is an "element" of the offense that must be submitted to the jury and proven beyond a reasonable doubt. *Alleyne*, 570 U.S. at 111-12.

However, two years before Reynolds was sentenced in this case, the Michigan Supreme Court held that the aspect of Michigan's statutory sentencing guideline scheme that mandated courts apply sentences within a guideline range determined by judge-found facts violated the Sixth Amendment. *People v. Lockridge*, 498 Mich. 358, 389, 870 N.W.2d 502, 519 (2015). To remedy

the constitutional violation, the court held that the sentencing guidelines would be advisory only. *Id*. at 391, 870 N.W.2d at 520. Michigan sentencing judges were advised to "continue to consult the applicable guidelines range and take it into account when imposing a sentence." *Id*. at 392, 870 N.W.2d at 521. And because the guidelines were advisory, sentencing courts could continue to score the offense variables of the guidelines based on facts not admitted by the defendant or found by the jury beyond a reasonable doubt. *Id*. at 392 n.28, 870 N.W.2d at 520. Finally, the court permitted sentencing judges to exercise their discretion to depart from the advisory guidelines range, and that such departures were reviewable under state law for "reasonableness." *Id*. at 391-392, 870 N.W.2d at 520-21. The Michigan Supreme Court thereafter held that the "reasonableness" of an upward departure was to be measured by a state-law principle of proportionality. *See People v. Steanhouse*, 500 Mich. 453, 471-72, 902 N.W.2d 327, 335-36 (2017) (drawing on principle of proportionality from *People v. Milbourn*, 435 Mich. 630, 650-51, 661, 461 N.W.2d 1, 9-10, 14 (1990)).

Had Reynolds been sentenced under the mandatory version of Michigan's sentencing guidelines, then this argument might have merit. *See Robinson v. Woods*, 901 F. 3d 710, 716-718 (6th. Cir. 2018). But he was sentenced after the guidelines were made advisory, and therefore his Sixth Amendment rights were not abridged by the exercise of the trial court's discretion when scoring advisory guidelines. *See United States v. Booker*, 543 U.S. 220, 232 (2005) (observing that if the federal Sentencing "Guidelines as currently written could be read as merely advisory provisions that recommended, rather than required, the selection of particular sentences in response to differing sets of facts, their use would not implicate the Sixth Amendment. We have never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range.").

Reynolds suggests that his sentence exceeded the maximum range allowed by Michigan Compiled Laws sections 769.34(7) and 769.31(b). It didn't. Section 769.34(7) merely states that if a court imposes a sentence that is above the guideline range, the defendant must be advised of his right to appeal. And section 769.31(b) states that if the guideline range allows, a sentence other than imprisonment "may" be imposed. That statute does not mandate a non-prison sentence.

Reynolds was convicted of a crime that carried a potential prison sentence of up to ten years. Mich. Comp. Laws § 750.520g(1). He has not shown that the procedures under the state sentencing guidelines violate federal law. A sentence imposed within the statutory limits is generally not subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).

C.

Reynolds asserts in his fourth claim that his trial counsel was ineffective because he did not more forcefully raise the foregoing sentencing challenges in the trial court, and that his appellate counsel was ineffective by failing to properly present them on direct appeal.

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. An ineffective assistance of counsel claim has two components. A petitioner must show that counsel's performance was deficient, and that deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney's performance meets the first element when "counsel's representation [falls] below an objective standard of reasonableness." *Id*. at 688. The petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687. "Judicial scrutiny of counsel's performance must be highly deferential." *Id*. at 689. The Supreme Court has "declined to articulate specific guidelines for appropriate

attorney conduct and instead [has] emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins*, 539 U.S. at 521 (quoting *Strickland*, 466 U.S. at 688) (quotation marks omitted).

An attorney's deficient performance is prejudicial if "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. The petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. Unless a defendant demonstrates both deficient performance and prejudice, "it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Id*. at 687.

The failure to lodge a proper objection to sentencing errors could amount to defective performance that "can form the basis of ineffective-assistance claims." *Kissner v. Palmer*, 826 F.3d 898, 904 (6th Cir. 2016); *see also Lafler v. Cooper*, 566 U.S. 156, 165 (2012) (holding that a criminal defendant has a right to effective assistance of counsel at sentencing). However, the failure to file a meritless motion or raise a groundless objection does not constitute defective performance. *Jalowiec v. Bradshaw*, 657 F.3d 293, 321-22 (6th Cir. 2011) (stating that an "attorney is not required to raise a non-meritorious claim") (citing *Wilson v. Mitchell*, 498 F.3d 491, 514-15 (6th Cir. 2007)).

Contrary to his assertions, Reynolds's trial counsel challenged the scoring of the four offense variables he attacks here. The sentencing court overruled the objections, and then it further found an adequate basis for exceeding the increased advisory range, again over defense counsel's argument for a guidelines sentence. Reynolds provides no basis for finding that the sentencing

- 11 -

court would have taken a different view had his counsel been more vigorous with his arguments at the sentencing hearing.

Likewise, Reynolds's appellate counsel argued on appeal that the sentencing guidelines originally had been scored correctly before the trial court's upwards adjustments, and that Reynolds was entitled to the non-prison sentence contemplated by the original scoring. But the Michigan Court of Appeals rejected the claim "for lack of merit." ECF No. 23-9, PageID.440, 443. Neither trial nor appellate counsel performed deficiently by failing to press harder with respect to meritless claims. *Jalowiec*, 657 F.3d at 321-22.

Nor can Reynolds establish prejudice. He cannot show a reasonable probability of a lesser sentence without first establishing that the state courts erred in their finding that the guidelines were scored properly. And federal courts "are bound by the state court's determination of its own law." *Davis v. Straub*, 430 F.3d 281, 291 (6th Cir. 2005) (citing *Hutchison v. Marshall*, 744 F.2d 44, 46 (6th Cir. 1984)). Because this Court "cannot logically grant the writ based on ineffective assistance of counsel without determining that the state court erred in its interpretation of its own law," *ibid.*, Reynolds's claim of prejudice must fail. Reynolds's fourth claim therefore is without merit.

D.

Finally, Reynolds asserts in his fifth claim that the prosecutor and trial court violated the terms of his plea agreement by relying on the conduct asserted in the dismissed charges to determine his sentence. To prevail on this claim, Reynolds must show that his plea "rest[ed] in . . . significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration" such that it "must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1971).

There was no part of the plea agreement that prevented the sentencing court from considering that a sexual penetration occurred or that Reynolds provided the complainant with a large quantity of drugs and alcohol. The agreement only called for the prosecutor to dismiss several charges. The fact that the dismissed charges involved a sexual penetration, drugs, and alcohol did not prevent the sentencing court from considering those circumstances when sentencing Reynolds. *See United States v. Watts*, 519 U.S. 148, 154 (1997) (holding that a sentencing court may consider wide range of factors in determining sentence, including conduct for which a defendant has been acquitted). Therefore, there was no breach of the plea agreement by the prosecutor or sentencing court.

The claim is without merit and was reasonably rejected by the state court on post-conviction review.

### III.

None of the petitioner's claims presents a basis to issue a writ of habeas corpus under 28 U.S.C. § 2254(d). The state courts' decisions in this case were not contrary to federal law, an unreasonable application of federal law, or an unreasonable determination of the facts. The petitioner has not established that he is presently in custody in violation of the Constitution or laws of the United States.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: February 28, 2022